UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jimmy Davis, #04778-094, ) | C/A No. 4:12-757-TMC-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND |
| ) | RECOMMENDATION |
| People of the Federal Bureau of Prisons; ) | |
| FCI Bennettsville; ) | |
| Warden D. Drew; ) | |
| Assistant Warden Shults; ) | |
| B. Keith; ) | |
| Lt. L. Jones, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Jimmy Davis (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at the Federal Correctional Institution at Bennettsville (FCI-B), a facility of the federal Bureau of Prisons (BOP), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names as defendants BOP, FCI-B, and BOP employees.[2] Plaintiff claims that he is being held in punitive segregation in excess of the eight months to which he was subject pursuant to a disciplinary infraction. Plaintiff wants Defendants to let him know why he is still being segregated and if there are additional charges against him and, if yes, he would like for Defendants to afford him a disciplinary hearing. The Complaint should be dismissed for failure to state a claim upon which relief may be granted.

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A(a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. §§ 1915 and § 1915A, and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S. 319 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (en banc), and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319.

This Court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such complaints are held to a less stringent standard than those drafted by attorneys, *id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a *pro se* complaint to allow the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal

court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Thus, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009) (outlining pleading requirements under the Federal Rules of Civil Procedure). The United States Supreme Court has recently made clear that, under Federal Rule of Civil Procedure 8, a plaintiff in a civil action must do more than make mere conclusory statements to state a claim. *Iqbal*, 556 U.S. at ___, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 555. Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.[3] *Iqbal*, 556 U.S. at ___, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 570. Additionally,

---

[3] Although the *Iqbal* Court was addressing pleading standards in the procedural context of a motion under Federal Rule of Civil Procedure (FRCP) 12(b)(6), the Court finds that those standards also apply in its initial screening of a complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, since *Iqbal* discusses the general pleading standards of FRCP 8, which apply in all civil actions. *Iqbal*, 556 U.S. at ___, 129 S. Ct. at 1949–51. Moreover, §§ 1915(e)(2) and 1915A(b) permit *sua sponte* dismissal of a complaint that fails to state a claim upon which relief can be granted, which is essentially the same standard found in FRCP 12(b)(6). *See McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009) ("When the word 'dismissed' is coupled with the words '[for] fail [ure] to state a claim upon which relief may be granted,' the complete phrase has a well-established legal

the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at ___, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 555.

Background

According to the Complaint, Plaintiff was "lock[ed] down" in the "special housement [sic] confinement unit" since July 4, 2011, to serve a disciplinary sentence of eight months. (ECF No. 1, at 2.) Plaintiff is still so confined after the expiration of this eight-month sentence, without a "lock of [sic] order or a disciplinary hearing." (*Id.* at 3.) Plaintiff claims that he is being deprived of "life, liberty or property without due process of law." (*Id.*) He asks to be informed of any charges against him and, presumably, for a hearing thereon. Thus, Plaintiff appears to ask the Court to order Defendants to act; the Complaint does not appear to assert any other claims or to seek any other relief.

Discussion

A. Subject Matter Jurisdiction

It has long been recognized that federal courts have authority to grant equitable relief to restrain constitutional violations or ultra vires conduct. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 400 (1971) (observing the existence of "the presumed availability of federal equitable relief, if a proper showing can be made in terms of the ordinary principles governing equitable remedies") (Harlan, J., concurring); *Bell v. Hood*, 327 U.S. 678, 684 (1946) ("[W]here federally protected rights have been invaded, it has been the rule from the beginning that courts will be alert to adjust their remedies so as to grant the necessary relief."); *see also Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682 (1949) (noting that sovereign

---

meaning.").

immunity does not protect federal officials acting outside their authority). Moreover, courts have specifically recognized that Congress has waived sovereign immunity of federal officials in certain actions seeking injunctive relief. *See Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225 (10th Cir. 2005); *Raz v. Lee*, 343 F.3d 936 (8th Cir. 2003). 28 U.S.C. § 1361 expressly confers jurisdiction upon the district courts over mandamus actions "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *Id.*; *see also Simmat*, 413 F.3d at 1234. As the United States has waived its sovereign immunity in suits requesting other than monetary relief, federal court suits for injunctive and declaratory relief are permitted, either against federal officers or directly against the United States government. Erwin Chemerinsky, *Federal Jurisdiction* § 9.2.2 (5th ed. 2007). Thus, because Plaintiff is seeking only injunctive relief, and because his claims raise a federal question, the Court has jurisdiction over his suit for injunctive relief. *See Simmat*, 413 F.3d at 1230, 1234 (finding jurisdiction to lie under either 28 U.S.C. § 1331 or § 1361).

B. Writ of Mandamus

To the extent that Plaintiff wishes for this Court to "order" Defendants to act, his request is equivalent to seeking a writ of mandamus against a governmental agency and its employees. *See Black's Law Dictionary* 1046–47 (9th ed. 2009) (defining a writ of mandamus as a "writ issued by a court to compel performance of a particular act by a lower court or a governmental officer or body, to correct a prior action or failure to act."). A federal court, however, issues a writ of mandamus only in the rarest of circumstances, and it is a drastic remedy. *In re Lockheed Martin Corp.*, 503 F.3d 351 (4th Cir. 2007). When a litigant seeks mandamus relief, he must show that "'he had no other adequate means to attain the relief he desires' and that his right to issuance of the writ is 'clear

and indisputable.'" *United States v. Sosa*, 364 F.3d 507, 511 (4th Cir. 2004) (citations omitted). As Plaintiff cannot satisfy these requirements, his claims should be dismissed.

C. "Other Adequate Means"

Plaintiff fails to show that he tried to affect his relief through other means. Under the PLRA, a prisoner is required to exhaust his administrative remedies before filing a civil rights action. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under ... Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). This provision is mandatory, and prisoners must exhaust all available remedies, even those where the relief requested cannot be granted administratively. *Booth v. Churner*, 532 U.S. 731, 740–41 (2001). Exhaustion is required in "all inmate suits about prison life," regardless of the wrong alleged. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A prisoner must complete the administrative review process and meet all applicable deadlines in order to satisfy the requirement of exhaustion of administrative remedies—"proper exhaustion" is required. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).

The BOP regulations set forth a three-tiered process whereby a federal inmate may seek review of complaints relating to any aspect of his or her confinement. *See* 28 C.F.R. §§ 542.13–18. As Plaintiff has not indicated that he has complied with these mandatory procedures, he fails to even allege "no other adequate means" to attain his desired relief.

D. "Right to Issuance of the Writ"

Plaintiff also has not demonstrated that he satisfies the second requirement of *Sosa*. *Id.*, 364 F.3d at 511 (plaintiff must show that his "right to issuance of the writ is 'clear and indisputable.'"). The first step in analyzing a procedural due process claim is whether the alleged deprivation impacts

a protected liberty or property interest. *See Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997). In order to show the deprivation of a liberty interest regarding custody classifications, an inmate must show either (1) the conditions exceed the sentence imposed in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, or (2) the confinement creates an "atypical or significant hardship" and the government has granted its inmates, by regulation or statute, a protected liberty interest in remaining free from that confinement or restraint. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). In *Sandin*, the Supreme Court held that disciplinary segregation does not typically present the type of "atypical, significant deprivation" in which the government might create a liberty interest. *Id.*

Plaintiff fails to show that the first prong of *Sandin*. He does not allege any facts that his classification change resulted in an increase in the sentence imposed so as to give rise to the protection of the Due Process Clause by its own force. As to the second *Sandin* criterion, Plaintiff does not indicate that the government's action in changing his classification level imposed on him an "atypical and significant hardship in relation to the ordinary incidents of prison life." *Id.* at 484. "[C]hanges in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate are contemplated by his original sentence to prison . . . ." *Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991); *See Beverati,* 120 F.3d at 503 (holding administrative segregation for six months with vermin, human waste, flooded toilet, unbearable heat, no outside recreation. no educational or religious services, less food, etc., was not so atypical as to impose significant hardship). As Plaintiff has not alleged atypical and significant hardships, he fails to state a valid claim.

Plaintiff also seeks a remedy for an alleged violation of due process rights in that he has not been charged with, or received a hearing with respect to, a disciplinary violation. It is true that disciplinary hearings which implicate a protected liberty interest demand due process. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In *Wolff*, the United States Supreme Court held that, where a disciplinary hearing affects a liberty interest, inmates must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *Id.* at 563–67.

But the Court in *Sandin* determined that the government does not create due process rights simply by virtue of mandatory language in a prison regulation.

As with his retention in administrative segregation, Plaintiff does not indicate that a disciplinary hearing would implicate a protected liberty interest which would demand due process; therefore, the Due Process Clause does not afford Plaintiff "a protected liberty interest that would entitle him to the procedural protections set forth in *Wolff*." *Sandin*, 515 U.S. at 487. Hence, Plaintiff has not established that he is entitled to the requested relief.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice* .

June 18 , 2012
Florence, South Carolina

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).